UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NEW ORLEANS EMPLOYERS INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL-CIO PENSION FUND,** and its Administrator, THOMAS R. DANIEL<br><br>Plaintiffs,<br><br>VERSUS<br><br>MARITIME SECURITY, INC. AND ADVANCE MARINE SERVICES, INC.<br><br>Defendants, | CIVIL ACTION NO.:<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE: |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, New Orleans Employers International Longshoremen's Association AFL-CIO Pension Plan, and its Administrator, Thomas R. Daniel, who respectfully allege the following:

### NATURE OF THE CLAIMS

1.

This action is commenced, in part, to collect withdrawal liability in the amount of $2,894,942, as determined under Section 4201 of ERISA, 29 U.S.C. §1381, and other monetary relief pursuant to Sections 502(g)(2) and 4301(e) of ERISA, 29 U.S.C. §§1132(g)(2) and 1451(e), which includes $1,455,942 incurred by Maritime Security, Inc. and $1,439,000 incurred by Advance Marine Services, Inc. (hereinafter referred to as "Controlled Group").

1

2.

Controlled Group incurred the aforementioned withdrawal liability when it withdrew completely from the New Orleans Employers International Longshoremen's Association AFL-CIO Pension Plan ("The Plan"), a multiemployer pension plan.

**JURISDICTION AND VENUE**

3.

Jurisdiction is conferred on this court by ERISA Sections 502(a)(3), (e)(1) and (f), and 4301(c), 29 U.S.C. §§1132(a)(3), (e)(1) and (f), and 1451(c), and by the provisions of 28 U.S.C. § 1331, relating to any civil action or proceeding arising under the laws of the United States.

4.

Venue is proper in this court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), because the Plan is administered at 721 Richard Street, Suite B, New Orleans, Louisiana, 70130.

5.

In accordance with Section 4301(g) of ERISA, 29 U.S.C. §1451(g), defendants will serve the Pension Benefits Guaranty Corporation ("PBGC") with a copy of this Claim.

**PARTIES**

6.

Plaintiff New Orleans Employers International Longshoremen's Association AFL-CIO Pension Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3), and an "employee pension benefit plan" within the meaning of Sections 3(2)(A) and (3) of ERISA, 29 U.S.C. §§1002(2)(A) and (3), established and maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries, and subject to the withdrawal liability provisions of ERISA.

7.

Plaintiff Thomas R. Daniel is the Administrator of the New Orleans Employers International Longshoremen's Association AFL-CIO Pension Fund and a fiduciary of the Fund within the

meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The plaintiff administers the Plan at 721 Richard Street, Suite B, New Orleans, Louisiana, 70130 under the direction of the Board of Trustees of the Fund.

8.

Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3), the Plaintiffs are authorized to bring this action on behalf of the Plan, its participants and its beneficiaries.

9.

Maritime Security, Inc. is a Louisiana corporation, having a place of business at 78 Yellowstone Street, Kenner, Louisiana, 70065.

10.

Maritime Security, Inc., at all times relevant hereto, has been an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

11.

Advance Marine Services, Inc. is a Louisiana corporation, having a place of business at 78 Yellowstone Street, Kenner, Louisiana, 70065.

12.

Advance Marine Services, Inc., at all times relevant hereto, has been an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

13.

Upon information and belief, no party to this action has filed for protection under the U.S. Bankruptcy Code during the time in which the action arose or thereafter.

**VIOLATION OF ERISA**

14.

Paragraphs 1 through 13 of this Complaint are re-alleged as though fully set forth herein.

15.

On or about December 8, 2015, Controlled Group effected a complete withdrawal from the Fund, as that phrase is defined in 29 U.S.C. 1383(a), during the Plan Year ended September 30, 2015.

16.

By completely withdrawing from the Plan, Controlled Group, pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381, incurred withdrawal liability of $2,894,942, which included $1,455,942 incurred by Maritime Security, Inc. and $1,439,000 incurred by Advance Marine Services, Inc.

17.

On July 6, 2016, the Plan, by way of letter, demanded payment of Controlled Group's withdrawal liability, which was computed at $2,894,942, payable in eighty (80) quarterly payments of $68,861, which included the amounts of $34,229.00 for Advance Marine Services, Inc., and $34,632.00 for Maritime Security, Inc.

18.

On October 3, 2016, Controlled Group made its first quarterly payment of $68,861 to the Fund – $ 34,229.00 from Advance Marine Services, Inc., and $34,632.00 from Maritime Security, Inc.

19.

On January 3, 2017, Controlled Group made a second quarterly payment of $68,861 to the Fund – $ 34,229.00 from Advance Marine Services, Inc., and $34,632.00 from Maritime Security, Inc.

20.

On April 20, 2017 and April 21, 2017, Controlled Group made a third quarterly payment of $68,861 to the Fund – $ 34,229.00 from Advance Marine Services, Inc., and $34,632.00 from Maritime Security, Inc.

21.

On June 30, 2017, the Plan Administrator provided notice to Annette Brown of Controlled Group that the fourth quarterly payments in the amounts of $34,229.00 (for Advance Marine) and $34,632.00 (for Maritime Security) were due on July 2, 2017. Brown is

known to the Plan Administrator as an authorized corporate representative of the Controlled Group.

22.

On July 12, 2017, Annette Brown notified Plaintiff by way of email that, per her father, Arthur C. Pfalzgraf, Controlled Group would not be sending any more withdrawal liability payments to the Fund. Pfalzgraf is known to the plan Administrator as a principal officer of the Controlled Group. (Email Attached as Exhibit "A")

23.

Accordingly, Controlled Group defaulted on their obligation to make withdrawal liability payments in accordance with the schedule of payments provided.

24.

On July 25, 2017, the Plan, by way of letter, notified Controlled Group that the Plan had received notice of Controlled Group's intention to stop making payments to the Fund and informed Controlled Group that its failure to make timely withdrawal liability payments to the Plan resulted in a default (Letter Attached as Exhibit "B").

25.

Controlled Group has never filed a demand for arbitration or otherwise initiated arbitration procedures within the timeframes established in 29 U.S.C. §1401.

26.

Section 4301(b) of ERISA, 29 U.S.C. §1451(b), provides that the failure to make any withdrawal payment when due shall be treated in the same manner as a delinquent contribution.

27.

To date, Controlled Group has made no additional payments toward the assessed withdrawal liability. The outstanding withdrawal liability is $2,688,359.

**WHEREFORE**, plaintiffs respectfully request that this honorable court:

1. Assume jurisdiction over this matter pursuant to 29 U.S.C. §§1132(a)(3), (e)(1) and (f), and 1451(c);

2. Enter an Order declaring Advance Marine Services, Inc., and Maritime Security, Inc. liable for the assessed withdrawal liability;

3. Enter an Order for judgment in favor of Plaintiffs and against Advance Marine Services, Inc., and Maritime Security, Inc. in an amount equal to the assessed withdrawal liability (i.e., $2,688,359), plus interest and liquidated damages;

4. Enter an Order directing Advance Marine Services, Inc., and Maritime Security, Inc. to pay to plaintiffs all reasonable attorneys' fees, expenses and the costs of research, investigation, initiation, maintenance and prosecution of this claim; and

5. Award plaintiffs such other and further relief as may be just, necessary and proper.

Respectfully submitted,

**ROBEIN, URANN,**
**SPENCER, PICARD & CANGEMI, APLC**

s/Laura Cline
Louis L. Robein (LA Bar No. 11307)
Laura Cline (LA Bar No. 37074)
2540 Severn Avenue, Suite 400
Metairie, Louisiana 70002
Telephone:  (504) 885-9994
Facsimile:   (504) 885-9969
Email:  lrobein@ruspclaw.com
Email:  lcline@ruspclaw.com

*ATTORNEYS FOR PLAINTIFFS*

**Certificate of Service on following page**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing complaint has been delivered by email and U.S. Certified Mail, Return Receipt Requested on August 2, 2017 to the registered agent:

Arthur C. Pfalzgraf
78 Yellowstone Street
Kenner, LA 70065

This is to further certify that a copy of the foregoing complaint has been served by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C.§1132(h) on August 2, 2017 to the following:

| | |
|---|---|
| **Steve Mnuchin,**<br>**Secretary of the Treasury**<br>15th and Pennsylvania Avenue, N.W.<br>Washington, DC  20220 | **R. Alexander Acosta,**<br>**Secretary of Labor**<br>U.S. Department of Labor<br>200 Constitution Avenue, N.W.<br>Washington, DC 20002 |
| **Pension Benefit Guaranty Corporation**<br>**Director, W. Thomas Reeder**<br>1200 K Street, N.W.<br>Washington, DC  20005 | |

s/Laura Cline
Laura Cline